McLean v. Arduser.

---

McLEAN v. ARDUSER.

1. **Judicial Sale**: NOTICE: BURDEN OF PROOF. Where land is sold at judicial sale, and, after the lapse of a year and twenty days, the judgment debtor conveys to a third party before the execution of the sheriff's deed, the grantee of the debtor is a purchaser without notice, and the purchaser at judicial sale has the burden to show that he holds the paramount title.

*Appeal from Jones District Court.*

FRIDAY, APRIL 20.

ACTION for the recovery of real property. The plaintiff holds a sheriff's deed to the property in question, dated April

6th, 1874, and made in pursuance of a sheriff's sale which occurred June 22, 1871. The said sale was made upon a judgment which was a lien upon the land. The defendant, Casper Arduser, holds a deed of warranty of the land, executed to him on the 10th day of March, 1874, by one Leonard Arduser, who was the owner of the land at the time of the said sheriff's sale and remained such, subject to the sale, until the conveyance by him as aforesaid to the said Casper. Judgment for defendant. Plaintiff appeals.

*J. D. Wiley,* for appellant.

*Sheean & McCarn,* for appellee.

ADAMS, J.—The defendant is the owner of the land in question, unless the title under which he claims was divested by the sheriff's sale and deed. But at the time of the execution of the deed from Leonard Arduser to the defendant, the year of redemption from the sheriff's sale had expired and twenty days in addition thereto. The sheriff's deed to plaintiff was executed after the execution of the said deed from Leonard Arduser to the defendant. At the time of the execution of the latter deed the publicity of the sheriff's sale had ceased to be constructive notice. Code, Sec. 3125. He was then, so far as the record shows, a purchaser without notice. As plaintiff claimed under a sheriff's deed, made in pursuance of a sale of land belonging to the defendant's grantor, and her deed was dated subsequent to the conveyance to the defendant, it was incumbent upon her to show that the defendant's title was acquired subject to her claim. This she has failed to do and we think that the judgment of the District Court should be

1. JUDICIAL sale: notice: burden of proof.

AFFIRMED.